No. 31,487

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF NEMAHA, *Appellee,* v. THE CITY OF SENECA, *Appellant.*

(28 P. 2d 1034.)

Opinion filed January 27, 1934.

*Clifford W. Baldwin,* city attorney, for the appellant; *R. M. Emery, Jr., Harry A. Lanning,* both of Seneca, and *James L. Haley,* of Sabetha, of counsel.

*John D. Cunningham,* of Seneca, for the appellee.

The opinion of the court was delivered by

Dawson, J.: This appeal presents legal questions involved in the fiscal relationship of the city of Seneca to Nemaha county, growing out of the distribution of certain taxes, illegally exacted from a national bank, which the county was required to refund.

It appears that in the years 1925 and 1926 a national bank in Seneca was assessed for taxation at the current rate for tangible property. Under protest the bank paid the taxes thereby imposed, as follows:

For 1925

| | | |
|---|---|---|
| December 29, 1925 (first half) | $1,575.14 | |
| June 20, 1926 (second half) | 1,575.14 | |
| Total | | $3,150.28 |

For 1926

| | | |
|---|---|---|
| December 20, 1926 (first half) | $1,303.24 | |
| June 24, 1927 (second half) | 1,303.24 | |
| Total | | 2,606.48 |

| | |
|---|---|
| Grand total amount paid under protest | $5,756.76 |

Notwithstanding these tax moneys were paid under protest, the county treasurer distributed them to the various municipalities and other subdivisions of Nemaha county, and the city of Seneca received its proportionate share thereof in successive partial distributions, viz.:

For 1925

| | | |
|---|---|---|
| December 28, 1925 | $720.38 | |
| June 26, 1926 | 720.38 | |
| October 29, 1926 | 360.20 | |
| Total | | $1,800.96 |

For 1926

| | | |
|---|---|---|
| December 23, 1926, and January 11, 1927 | $592.06 | |
| June 23, 1927 | 592.06 | |
| October 13, 1927 | 296.03 | |
| Total | | 1,480.15 |

| | |
|---|---|
| Grand total of protested tax moneys received by city of Seneca, | $3,281.11 |

Following an authoritative decision by the United States circuit court of appeals which held that after the adoption of the tax amendment to the constitution of this state (Laws 1923, ch. 255) and the statutes enacted pursuant thereto (Laws 1925, chs. 277 and 278), the exaction of taxes on national bank shares in excess of the intangible rate imposed on other moneyed capital in the hands of individuals was illegal (*McFarland v. Central Nat. Bank,* 26 F. 2d 890; certiorari denied, 278 U. S. 606), the board of county commissioners refunded to the bank the amount it had paid under protest, less the proper sum due under the intangible tax rate. The amount thus refunded was $5,433.46.

The board of county commissioners brought this action against the city of Seneca to recover the distributive share of these illegal taxes received by the city, reciting with appropriate detail the pertinent facts.

The defendant city filed an answer at length, admitting various facts alleged in plaintiff's petition, traversing certain of its allegations of no present concern, and further pleading that the money which the county had to refund to the national bank was paid out of the county general fund, that the plaintiff board levied a tax of .35 of a mill on all the property of the county to reimburse the general fund, that such tax was paid by all the taxpaying public (except the railroads), and pursuant thereto the general fund had been fully reimbursed and an excess of $266.89 had been thus collected.

The city also pleaded the three years' bar of the statute of limitations and a set-off as follows:

"8. Further answering and by way of set-off this defendant alleges that said plaintiff did in the year 1930 make a levy of .35 of a mill upon all the tangible property assessed for taxation in Nemaha county, including the city of Seneca, for the purpose of reimbursing the general fund of said county for such payments as hereinbefore set forth; that for the year 1930 the assessed valuation of the tangible property in the city of Seneca, Kansas, was the sum of $1,627,380, and that said plaintiff herein did raise by such levy in the city of Seneca for the year 1930 for such purpose the sum of $569.58; that if any cause of action ever accrued in favor of said plaintiff and against said defendant as alleged in plaintiff's amended petition filed herein, then and in that case, by reason of the facts last herein stated, this defendant was and is entitled to a credit and off-set thereon in the said sum of $569.58, together with interest thereon at the rate of 6 per cent per annum from January 1, 1931."

On motion of plaintiff the trial court struck out certain parts of

the answer in which were pleaded the matters we have summarized above.

Defendant appeals. We do not find that the answer raises an issue of law on the authority of the county board to maintain an action such as this against the various cities, townships and school districts of the county to recover tax moneys which have been distributed to them by the county treasurer in disregard of the fact that they had been paid into the county treasury under protest. It would not be easy to distinguish between such a case and one where the county treasurer was short in his accounts, so as to justify the maintenance of a hundred lawsuits against the various subdivisions of the county to recoup the county general fund in the one case while denying it in the other. (Vide *School District v. Ellis County Comm'rs*, 138 Kan. 274, 25 P. 2d 578.) A somewhat analogous situation has recently required the attention of this court in *Chicago, R. I. & P. Rly. Co. v. Ford County Comm'rs*, 138 Kan. 516, 27 P. 2d 229.

Touching the bar of the statute of limitations, and conceding that this action is otherwise maintainable, it is fundamental that in its capacity as a governmental agency the statute of limitations does not run against the county except where some specific statute so declares. (*Osawatomie v. Miami County*, 78 Kan. 270, 96 Pac. 670, and citations.) It seems a reasonable corollary to that rule to hold that where one governmental agency (a city) has received public funds paid to it by mistake by another governmental agency (a county) the statute of limitations has no application; consequently the trial court's ruling on this point was correct.

In respect to the other matters pleaded in defense to plaintiff's action, however, it was both proper and pertinent for the city of Seneca to plead—by way of inducement (Phillips on Code Pleading, secs. 192 and 356; 49 C. J. 139)—that the county had already reimbursed its general fund for the amount it paid therefrom to refund the illegal tax exacted from the national bank; and it was proper for the city to plead a set-off based on the facts alleged in paragraph 8 of its answer set out above. The revenues of the city of Seneca are derived from taxes imposed upon the property of its inhabitants. Those inhabitants have already contributed to the reimbursement of the county general fund by paying the tax imposed by plaintiff pursuant to its .35 mill levy. Whether that tax was valid or not, they *paid*. To require the city to pay plaintiff's present demand

will necessarily result in the taxpayers of the city of Seneca having *to pay twice*. Such a result would be altogether unjust.

On the questions on which our judgment on appellate review is now invoked, we hold that the statute of limitations is no bar to plaintiff's action, but in so far as the city's answer pleaded the facts of the levy and collection of a tax to recoup the county general fund and the city's claim to a set-off against plaintiff's demand, the trial court's ruling was erroneous and should be set aside.

The judgment is reversed, and the cause remanded for further proceedings consistent with the views outlined herein.

HUTCHISON, J., not sitting.