No. 31,497

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF HARVEY, *Appellee*, v. THE SCHOOL BOARD OF SCHOOL DISTRICT No. 1, IN HARVEY COUNTY, *Appellant*.

(32 P. 2d 812.)

Opinion filed May 5, 1934.

*Ezra Branine, Alden E. Branine* and *Fred Ice,* all of Newton, for the appellant.

*J. Rodney Stone,* county attorney, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was one of a series of actions which have arisen in the last year under the provisions of the cash-basis act. (Laws 1933, ch. 319.) One effect of this recent statute has been to vitalize a large number of dormant or half-forgotten claims of counties against their minor subdivisions on account of excess distribution to them of tax moneys based upon estimates by the county treasurer of what their respective tax levies ought to raise, but which have not in fact been collected.

From 1925 to 1931, inclusive, the county treasurer of Harvey county paid the defendant school district the sum of $13,233.44 in excess of the actual amount collected by him from taxpayers of that district. On May 10, 1933, the plaintiff board presented to defendant its verified and itemized claim for this sum. It was promptly rejected and the proof of claim and notice of appeal were certified and transmitted to the district court as prescribed by the act.

The issues were defined in an agreed statement of facts, which, in part, reads:

"*First:* That if said claimant is entitled to recover herein, it is entitled to recover the sum of $13,233.44; . . .

"*Second:* That covering the 1920 taxes, the county treasurer of Harvey county, Kansas, adopted a plan or procedure for the disbursement of the taxes to the various municipal units within the county, upon the basis of the taxes levied instead of upon the basis of the taxes received; and this plan or procedure was continued and operated under by the various county treasurers up to and including the time of the filing of this claim; and that the claim in question arose as a result of operating under such plan or procedure.

"*Third:* That said plan or procedure is substantially as follows, to wit: That in each year within said claim stated, the county treasurer made disbursements to the various municipalities within Harvey county of their total respective municipal levies, said disbursements usually being made in two forty per cent and two ten per cent disbursements. These disbursements were made from the general tax collection account. . . .

"*Fourth:* That . . . in the minutes of the regular meeting of said board held on the 7th day of September, 1921, appears the following:

" 'The board ordered the county treasurer to charge all subsequent delinquent tax on real estate to the general fund of the county and give each taxing district full credit of real-estate levies each year according to section 1, chapter 288, Laws of 1921.'

"That Harvey county, Kansas, has adopted the provisions of said chapter 288 of the 1921 Session Laws of the state of Kansas, and at all of the times herein stated has been operating under the provisions of said act; and that the various county treasurers of Harvey county, Kansas, adopted and followed the aforesaid plan or procedure under the order of and with the knowledge and acquiescence of the various boards of the county commissioners during such period of time."

Judgment was entered in favor of plaintiff, and defendant appeals, contending first that by its annual levy to provide the requisite fund for general county expenditures the county has reimbursed itself from year to year for the overpayment of taxes to the appellant school district. Of course the county has made an annual levy for

general expenditures, but such levy was not intended to restore any loss to the county for erroneous distribution of funds in the county treasurer's hands to the appellant. All the taxpayers of the county have contributed from year to year to the support of the county general fund, but certainly the purpose of such contribution was not to relieve school district No. 1 from repaying the county what it had received in excess of what the county treasurer had actually collected pursuant to the tax levies made by the defendant. The case of *Nemaha County Comm'rs v. City of Seneca,* 138 Kan. 895, 28 P. 2d 1034, is cited on this point, but that decision is limited to a matter of set-off, which has no bearing on the case at bar.

It is next urged that the board of county commissioners does not have authority to maintain this action. Under repeated adjudications of this court, however, that contention is untenable. (*Greenwood County Comm'rs v. School District,* ante, p. 297, 31 P. 2d 723 and citations; *Woodson County Comm'rs v. City of Yates Center,* post, p. 519, 32 P. 2d 209.)

The next contention is that the county is estopped and precluded by laches from any right of recovery. It is elementary law, as well as settled by numerous decisions of this court, that the doctrines of equitable estoppel and laches do not operate against the state nor against the state's governmental agencies (of which the county is the most important) in respect to matters of public finance and taxation. (*State, ex rel., v. Paul and Grice,* 113 Kan. 412, 214 Pac. 245. See, also, *State, ex rel., v. Wheat Farming Co.,* 137 Kan. 697, 22 P. 2d 1093, syl. ¶ 5.)

Emphasis is placed by appellant on the county treasurer's annual settlements with the county board which acts, not only for the county, but in behalf of all the subdivisions of the county, including the defendant school district. Of course the statutes under which these annual settlements are made (R. S. 19-507, 19-508 and 79-2511) should be conformed to, and if they were strictly followed such controversies as the present could not have arisen; but these annual settlements are merely administrative audits or "check-ups"; they do not have the binding force of judicial settlements so as to bar or estop the plaintiff county, the defendant school district, nor the other taxing units of the county which may be concerned in such settlements.

There is no error in the record and the judgment is affirmed.

The county's actions against the city of Burrton (31,495), the city of Newton (31,496), the city of Hesston (31,498), and the city of Halstead (31,499), which were not briefed or argued, are affirmed on authority of the foregoing decision.