No. 31,634

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF WOOD-SON, *Appellee*, v. THE CITY OF YATES CENTER IN WOODSON COUNTY, *Appellant*.

(32 P. 2d 209.)

Opinion filed May 5, 1934.

*Albert B. Martin,* of Lawrence, for the appellant.

*Carl C. Chase* and *Thomas C. Forbes,* both of Eureka, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This was an action by Woodson county to recover from the city of Yates Center, one of the taxing districts within the county, taxes paid by the county to the city in excess of the sums collected from property within the city, for the years from 1918 to 1930, inclusive. The action, originally brought in 1932, was pending when the "cash-basis" act (Laws 1933, ch. 319) became effective. In due time the county filed its claim under that act with the city for the same items. The claim was disallowed and the

county appealed to the district court. The original action and the appeal were then consolidated, and by leave of court an amended petition was filed by the county in the consolidated action. Defendant's demurrer to the petition was overruled and it has appealed.

Broadly speaking, appellant argues two questions: (1) That the county is not the proper party plaintiff, and (2) that the items for the years, more than three years before the action was brought, are barred by the statute of limitations. Both of these contentions were decided, adverse to the views of appellant, in *Greenwood County Comm'rs v. School District*, ante, p. 297, 31 P. 2d 723, where reasons for the rulings were given and authorities in support of them set out, and which need not be here repeated. It is sufficient to say we are satisfied with the conclusions there reached. However, it is fair to appellant to say that its brief was prepared before the decision in that case was announced.

In support of its contention that the three-year statute of limitations is applicable, appellant argues thus: The county treasurer is custodian, prior to their disbursement, of all tax moneys collected, and, legally speaking, can pay only to those lawfully entitled to receive payment, and only in such amounts as such parties are entitled to receive; if he paid more, he and his bondsmen became liable to the county, and in a suit by the county to recover from the treasurer and his sureties for money wrongfully paid to appellant, or anyone else, the three-year statute of limitations would apply. (*City of Topeka v. Ritchie*, 102 Kan. 384, 170 Pac. 1003; *City of Coffeyville v. Metcalf*, 134 Kan. 361, 5 P. 2d 807.) Likewise, the three-year statute would apply if the treasurer sued the city to recover overpayments made to it (*Jones v. School District*, 26 Kan. 490); that this course of procedure would have been proper, and that the county cannot relieve itself of the bar of the statute of limitations by proceeding directly against the city. Answering this argument, it may be said, whatever statute of limitation would apply in an action where the individual liability of the treasurer, or his individual right to maintain an action, is involved, has no bearing in a controversy between governmental units, such as the county and the city, since the statute of limitations does not apply to either of them. "The litigation . . . concerns them in all their governmental capacities; consequently the statute of limitations had no application." (*Greenwood County Comm'rs v. School District*,

ante, p. 299.) To deny a governmental unit relief from the statute of limitations because it could maintain some kind of an action against an individual, or some individual could maintain an action against it, growing out of the facts of the case, would seriously cripple, if it did not completely destroy, the rule that statutes of limitation do not apply to the governmental function of a unit of the government. Hence, we cannot follow counsel's argument.

Appellant refers to our statute (R. S. 19-507, 19-508) requiring "settlements" of the treasurer with the board of county commissioners of his accounts as treasurer, and requiring: "for that purpose he shall exhibit to them his books, moneys, accounts, and all vouchers relating to the same, to be audited and allowed." The October settlement shall include "the financial affairs of each city" and other taxing units in the county. We presume the respective officers did their duty in this respect, since nothing is said about it in the petition. While this is spoken of as a settlement, and quite properly from some viewpoints, it consists of an examination of books and records showing receipts and disbursements, and a checking up or auditing of them. As to the county, and each governmental unit therein, it should show what taxes have been collected therein and what moneys disbursed, and as to each city or other governmental unit in the county it should show what balance, if any, it had in the hands of the treasurer, or to what extent, if at all, its account was overdrawn. But these statutes do not import finality of liability, either between the county and individual taxpayers, or between the county and subordinate governmental units therein. Errors in the books and records, or inaccuracies in the audit, may be corrected later. Rather, they are informative. Appellant correctly argues that from these the board of county commissioners knew, or should have known, that the city had been paid more than had been received by the treasurer for city taxes. It does not follow, however, as argued by appellant, that a statute of limitations starts to run from each annual settlement, for these statutes make no such provision, nor does any other statute. The general rule is applicable here that statutes of limitations do not apply to governmental functions of governmental units. Neither does estoppel apply to plaintiff in this case, as argued by appellant, because of the informative settlements. In the absence of some statute requiring it, the government does not lose its rights, powers, or prerogatives because some one or more of its officials neglects or refuses

to perform a governmental duty. . In *Sedgwick County Comm'rs v. Conners,* 121 Kan. 105, 245 Pac. 1030, it was held:

"In a county's capacity as a governmental agency, to collect and conserve the public revenues, estoppel based upon unauthorized acts of its officials cannot be successfully invoked against the county." (Syl. ¶ 3.)

See, also, *Osawatomie v. Miami County,* 78 Kan. 270, 96 Pac. 670; *State, ex rel., v. Paul and Grice,* 113. Kan. 412, 214 Pac. 245, and cases there cited.

It was not error for the court to overrule the demurrer to the petition, and its judgment is affirmed.