No. 34,564

THE BOARD OF EDUCATION OF THE CITY OF GIRARD, Crawford County (also known as School District No. 37), *Appellant*, v. OLIVER T. JONES and THE STANDARD ACCIDENT INSURANCE COMPANY OF DETROIT, MICHIGAN, *Appellees*.

(98 P. 2d 120)

Opinion filed January 27, 1940.

*George F. Beezley,* of Girard, *P. E. Nulton* and *R. L. Letton,* both of Pittsburg, for the appellant.

*A. J. Curran, W. W. Kennedy, A. B. Keller, George R. Malcolm* and *C. A. Burnett,* all of Pittsburg, for the appellees.

The opinion of the court was delivered by

SMITH, J.: This was an action on the official bond of a county treasurer. Judgment was for the defendants sustaining a demurrer to the petition of plaintiff:

The plaintiff in the action was the board of education of the city of Girard. The board seeks to recover damages against the county treasurer on his official bond because the treasurer neglected to make the proper distribution of tax money to a general high-school fund, with the result that the board failed to receive as much money from the county treasurer as it was entitled to.

The petition alleged, first, the official capacity of the parties, and that defendant Jones entered upon the duties of the office of county treasurer on the second Tuesday in October, 1933, and served until the expiration of his term on the second Tuesday in October, 1935, and that on October 7, 1933, defendants gave an official bond, of which the condition was as follows:

"Now, therefore, the condition of this obligation is such that if the said Oliver T. Jones, and his deputy, and all persons employed in his office, shall faithfully and promptly perform the duties of said office, and if said Oliver T. Jones and his deputies shall pay according to law, all moneys which shall come to his hands as treasurer, and will render a just and true account thereof whenever required by said board of commissioners or by any provision of law and shall deliver over to his successors in office or to any other person authorized by law to receive the same, all moneys, books, papers and other things appertaining thereto or belonging to said office, then the above obligation to be void; otherwise to be in full force and effect."

The petition then set out the duties of defendant Jones with reference to receiving and collecting taxes, and that plaintiff board of education was a taxing unit of Crawford county. The petition then alleged that defendant Jones, as county treasurer, on October 2, 1935, made distribution and allocation of taxes collected for the tax year 1934 to the various funds, accounts and distributees entitled thereto, including the general high-school fund (otherwise known as the community high-school tuition fund). The petition then alleged that in making this distribution to the general high-school fund defendant Jones neglected to credit and allocate to that fund the amount of tax due and owing from the county treasurer to it, in that he in making the allocation credited and allocated the sum of $48,368.05, when there was due it $56,994.24; that by reason of these facts plaintiff was deprived of the just and proper amount of its proportionate share of the fund, in that there was owing to plaintiff as its share $8,960, whereas, due to the neglect of defendant Jones, there was paid to plaintiff only $7,645.88, and plaintiff was deprived of the balance, being $1,314.12; that all these acts of defendant Jones were in violation of law and he did not faithfully and promptly

perform the duties of his office and did not render a just and true account of moneys received by him; that each of these acts occurred while the bond sued on was in effect and the moneys received by defendant Jones in his official capacity as county treasurer and which were wrongfully distributed by him were received subsequent to execution of the bond sued on; that Jones in violation of the duties imposed upon him by law failed to keep correct and accurate records of taxes collected by him; that by reason of these acts and omissions of defendant Jones plaintiff had been damaged in the sum of $1,314.12. Judgment was asked for that amount. A copy of the bond was attached. To this petition defendant Jones and the defendant insurance company each interposed a general demurrer on the ground that it did not state facts sufficient to constitute a cause of action. These demurrers were both sustained. Hence this appeal.

It will be noted that the petition spoke of the duty of Jones to distribute certain of the taxes collected to the general high-school fund, and that in making this distribution he did not distribute the correct amount to this fund so that plaintiff failed to receive the amount to which it was entitled for the year in question.

Plaintiff points out first the language of the bond, which is in the words of G. S. 1935, 19-502, also G. S. 1935, 19-506, 19-507 and 19-508. These statutes provide what the duties of the county treasurer shall be with reference to paying out money, keeping books, making settlements with municipal organizations and making quarterly statements. It is the contention of plaintiff that the petition stated facts from which it must be concluded that Jones violated these sections, thereby causing a loss to plaintiff, and hence is liable on his bond.

The defendants make an argument that the petition shows on its face that the action was barred by the statute of limitations, and that in any event the action is not one that the plaintiff should be allowed to maintain.

We expressly refrain from passing any opinion as to the latter argument that the action is not one which the plaintiff should be permitted to maintain, but will consider the question of the statute of limitations.

This action was filed October 1, 1938. The tax levy in question was for 1934.

We must first notice the statute under which provision is made for the general high-school fund. These sections are, first, G. S.

1935, 72-2505a. This section provides that in certain counties the county superintendent and the county commissioners shall levy a tax for the purpose of creating a general high-school fund; that the tax shall be collected in the same manner as other taxes, and when collected the county treasurer shall pay to certain school districts according to the provisions of the act. G. S. 1935, 72-2505b, provides that tuition shall be paid by the county treasurer under the provisions of the act not later than March 1 and July 30 of each year. G. S. 1935, 72-2505c, provides for the principal of each high school making a report to the county superintendent of the actual daily attendance of each pupil who resided outside of his district but within the county, and for the principal of each community high school to make a report showing the actual daily attendance of each pupil attending his high school who lives in the county. G. S. 1935, 72-2505d, provides that the county superintendent shall certify to the county clerk and to the county treasurer on or before the 15th day of February of each year and on or before the first day of June of each year the actual daily attendance of those pupils in attendance at the various high schools of the county, and if the high school is other than a community high school the superintendent must certify only the actual daily attendance of those pupils who reside outside the bounds of districts maintaining four-year accredited high schools and within the county. G. S. 1935, 72-2505e, provides that if any pupil residing in certain counties and in a school district not maintaining a four-year accredited high school within these counties, the county treasurer shall pay to the treasurer of the district where the pupil attends, thirty-five cents a day or such proportion of thirty-five cents as the levy will permit for actual attendance of the pupils at that high school. This act further provides that the county treasurer shall pay to the board of trustees of community high schools the sum of thirty-five cents per day or such proportion of thirty-five cents as the levy will permit for each pupil living in the county in actual attendance at the community high schools coming under the provisions of this act. It will be noted that this act first provided for the raising of a fund by a levy and that this fund should be called a "general high-school fund." The balance of the act provides for the determination of the amount of this fund that shall be paid out to the different school districts of the county. It should be noted that the act does not provide that this fund should be handled differently from any other tax money on the books and records of the county treasurer.

The theory of the cause of action brought by plaintiff is that defendant did not properly set up a general high-school fund so that when the time came to pay tuition, as provided in G. S. 1935, 72-2505a, there was not enough in the fund to give plaintiff its proportionate share. On account of the argument that is made on the statute of limitations we must know when the cause of action accrued to plaintiff, since that will determine when the statute started running.

The petition does not allege that the plaintiff did any of the acts or made any of the reports that would entitle it to be paid tuition. On a general demurrer, however, we should accept the general allegations of the petition as complying with this necessity.

The statute is plain, however, as to just when this tuition is due. G. S. 1935, 72-2505b, provides that it shall be paid not later than March 1 and July 30 of each year. This is a direction to the county treasurer to pay this tuition on that date. It was due then. It is the taxes for 1934 with which we are concerned. The first half of these taxes was due December 20, 1934, and the last half on June 20, 1935. Since the statute provides that this tuition should be paid not later than March 1 and July 30 of each year the last date on which tuition out of the 1934 taxes was payable was the next date provided for in the statute after the final taxes for 1934 were paid. This would be July 30, 1935. The plaintiff could have maintained its action for the tuition for the school year 1934 at any time after July 30, 1935. The statute of limitations began to run against plaintiff's cause of action on that date. This action was filed October 1, 1938.

Liability of the county treasurer contended for here is a liability created by statute. (See *City of Leavenworth v. Hathorn*, 144 Kan. 340.) Such an action can only be brought within three years of the time when it accrued. (See G. S. 1935, 60-306.) Hence this action was barred after July 30, 1938.

The judgment of the trial court is affirmed.

DAWSON, C. J. (concurring): I agree that the action was barred by the three-years provision of the statute of limitations as decided by the district court and affirmed by this court. But it should not be inferred that if this particular action had been begun in time it could have been maintained by this plaintiff. If it could, then in any case of erroneous apportionment of a tax levy by a county

treasurer, each and all of the one hundred and one local taxing units in the county — cities, townships and school districts — would be privileged to sue the county treasurer and his bondsmen. And some of such suits would be diligently prosecuted and possibly won; and some might be carelessly tried and perhaps lost. The result would be chaos. Any such action as the plaintiff school board sought to maintain herein, if sufficiently meritorious, should be brought on behalf of the county, not by some subordinate taxing unit of the county. We have had some recent decisions which, although not strictly analogous, logically point to the conclusion I suggest. (*School District v. Ellis County Comm'rs*, 138 Kan. 274, 25 P. 2d 578; *Nemaha County Comm'rs v. City of Seneca*, 138 Kan. 895, 28 P. 2d 1034; *Harvey County Comm'rs v. School District*, 139 Kan. 457, 32 P. 2d 812.)