**Bill J. CORY, Plaintiff,**

v.

**Max E. THOMPSON, Glenn Chaloupka, and Wayne Pachta, Defendants.**

**Civ. A. No. 92–2087.**

United States District Court, D. Kansas.

July 9, 1992.

Bill J. Cory, pro se.

James D. Conkright, Michael G. Smith, Blackwell, Sanders, Matheny, Weary & Lombardi, Overland Park, Kan., for defendants.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

This case is before the court on the motion of defendants Max E. Thompson, Glenn Chaloupka and Wayne Pachta to dismiss plaintiff's complaint (Doc. # 13). For the reasons stated below, defendants' motion is granted in part and denied in part. Additionally, all parties are ordered to comply with the show cause order which the court is issuing contemporaneously with this opinion.

Plaintiff, appearing *pro se*, filed this action alleging federal civil rights violations under 42 U.S.C. Sections 1981, 1983 and 1985(3) and pendent Kansas state law claims. The action involves two separate disputes between plaintiff and defendants.

The first dispute involves actions taken by the Republic County road crew in the spring of 1991. Plaintiff alleges that the road crew, acting under the authority and supervision of defendants, damaged a hedge fence located on plaintiff's property and also infringed on plaintiff's property by widening a road and placing a ditch on plaintiff's property. Plaintiff alleges that these actions constituted an illegal taking of plaintiff's property pursuant to the United States Constitution and Kansas law.

The second dispute arises from actions taken by defendants pursuant to their duties as fence viewers under K.S.A. § 29–201 *et seq.* Plaintiff was in a fencing dispute with an adjacent landowner and requested the County Commissioners of Republic County to view the disputed boundary fence pursuant to their statutory duties as fence viewers. Plaintiff alleges that the defendants failed to properly execute their duties as fence viewers, resulting in injuries to plaintiff under a variety of federal civil rights theories.

The court may not dismiss a cause of action for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Grider v. Texas Oil & Gas Corp.*, 868 F.2d 1147, 1148 (10th Cir.1989). "All well-pleaded facts, as taken from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984). The court must view all reasonable inferences in favor of the plaintiff and the pleadings must be liberally construed. *Id.;* Fed.R.Civ.P. 8(f). The issue in reviewing the sufficiency of a complaint is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

Defendants argue that plaintiff's action should be dismissed due to plaintiff's failure to comply with the requirements of K.S.A. § 29–105(b). This argument is without merit. Plaintiff has chosen to sue the defendants in their individual capacities.

Therefore, the requirements of K.S.A. § 29–105 are not applicable to this cause of action. While it is true that it may be advantageous to plaintiff to bring his claims against defendants in their official capacities and the County, nothing prevents plaintiff from bringing his claims against the defendants only in their individual capacities, with all resultant risks such a decision may have on this ensuing litigation.

■ Similarly, defendants' contention that they are immune from plaintiff's claims pursuant to K.S.A. § 75–6104(b) is also without merit. K.S.A. § 75–6104(b) grants governmental entities and their employees immunity for damages resulting from their performance of judicial or quasi-judicial functions. However, plaintiff's federal civil rights claims, which are brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1985, are not subject to the state law limitations of the Kansas Tort Claims Act. *Lee v. Wyandotte County, Kan.,* 586 F.Supp. 236, 239 (D.Kan.1984); *Cook v. City of Topeka,* 232 Kan. 334, 335, 654 P.2d 953 (1982). Therefore, the immunity granted by K.S.A. § 75–6104(b) for officials acting in judicial or quasi-judicial functions is not available to defendants as a defense to plaintiff's federal civil rights claims.

■ The court does find that plaintiff's claims that allege a taking of his property based on plaintiff's allegation that the defendants ordered a joint tenancy or common ownership of his land should be dismissed. Paragraph six (6) of the Commissioner's Order states that "the partition fence primarily and exclusively as to respondent's half, divides ground utilized in common, to wit, wheat ground." Paragraph six (6) is merely a factual recitation that both properties have in common that they are currently wheat fields. The paragraph in no way operates to legally affect the ownership of plaintiff's land, and does not operate to create a joint tenancy or common ownership of the adjacent lands, as plaintiff alleges. Because there is no set of facts that would entitle plaintiff to recovery on this cause of action, such cause of action is dismissed. This includes Count II of plaintiff's complaint and the relevant portions of Count III.

As to the remaining counts in plaintiff's complaint, defendants have failed to demonstrate to the court that plaintiff can prove no set of facts in support of the theories of recovery that would entitle him to relief. Therefore, defendants motion is denied as to the remaining counts in plaintiff's complaint.

IT IS, THEREFORE, BY THE COURT ORDERED THAT defendants' motion to dismiss (Doc. # 13), is granted in part and denied in part. Defendants' motion is granted as to Count II of plaintiff's complaint, along with those portions of Count III that deal with plaintiff's allegation that defendants ordered common ownership of his land. Defendants' motion is denied as to all other claims made by plaintiff. Additionally, all parties are ordered to comply with the show cause order which the court is issuing contemporaneously with this opinion.