(933 P.2d 775)
No. 75,208

GARY SAGE AND ALJU CONSTRUCTION COMPANY, *Appellants*, v. SUE WILLIAMS, COUNTY TREASURER OF GREENWOOD COUNTY, KANSAS; FRANK C. BEYERL, COUNTY ATTORNEY OF GREENWOOD COUNTY, KANSAS; CHARLES S. SAMUELS, FORMER SHERIFF OF GREENWOOD COUNTY, KANSAS; AND THE BOARD OF COUNTY COMMISSIONERS OF GREENWOOD COUNTY, KANSAS, *Appellees*.

Opinion
filed March 7, 1997.

*Cortland E. Berry*, of Reading, for appellants.

*Patrick G. Reavey*, of Fisher, Patterson, Sayler & Smith, L.L.P., of Overland Park, for appellees.

Before BRAZIL, C.J., GREEN and KNUDSON, JJ.

BRAZIL, J.: Gary Sage and ALJU Construction Company (Sage) filed suit against Sue Williams, *et al.*, as employees of Greenwood County (County) after the County refused to accept Sage's application for vehicle registration because Sage was delinquent in paying personal property taxes. Sage appeals the order of the district court granting summary judgment to the County. We affirm.

In May 1993, Sage filed suit against several officials of Greenwood County as well as the Board of County Commissioners for Greenwood County. The petition claimed the action arose under 42 U.S.C. § 1983 (1994) and K.S.A. 60-907 and asked for injunctive relief to prevent the County from assessing or collecting an illegal tax. It also claimed a conspiracy pursuant to 42 U.S.C. § 1985 (1994).

## 1. Exhaustion of Remedies

According to Sage's petition to the district court, Sue Williams, the county treasurer, filed several tax warrants between July 1986 and November 1990 against Sage for delinquent personal property taxes. In September 1990 and April 1991, Mrs. Wanda Sage went to the county treasurer's office and offered to pay all delinquent taxes. On each occasion, the county treasurer's office informed Mrs. Sage that she owed a certain amount, and on each occasion Mrs. Sage paid the stated amount. Beginning in August 1992, the county treasurer's office refused to allow Sage to register his motor vehicles because he had not completely paid his personal property taxes. Sage claimed he was never notified prior to that date that any other taxes were due or delinquent.

In his petition, Sage claimed that because the county treasurer's office failed to both inform Mrs. Sage of the full and correct amount of taxes owed and subsequently notify Sage of the tax delinquency, the County should be estopped from claiming delinquent taxes, interest, or penalties for the years 1985-88.

The district court found that Sage failed to exhaust his administrative remedies as required by K.S.A. 1996 Supp. 79-2005. The doctrine of exhaustion of administrative remedies applies to tax matters. In *State ex rel. Smith v. Miller*, 239 Kan. 187, 718 P.2d 1298 (1986), the court held:

"The well-recognized rule in this state is that where a full and adequate administrative remedy is provided in tax matters by statute, such remedy must ordinarily be exhausted before a litigant may resort to the courts." Syl. ¶ 1.

"A party aggrieved by an administrative ruling is not free to pick and choose a procedure in an action in the district court in order to avoid the necessity of pursuing his remedy through administrative channels." Syl. ¶ 2.

In *Dean v. State*, 250 Kan. 417, 421, 826 P.2d 1372, *cert. denied* 504 U.S. 973 (1992), the court stated:

"In the realm of taxes, matters of assessment, exemption, equalization, and valuation are administrative in character. See *Symns v. Graves*, 65 Kan. 628, 636, 70 Pac. 591 (1902). Under Kansas law, it would be unwarranted for a court to entertain a tax suit on any of these matters of administrative expertise where administrative remedies had not been pursued."

See also *J. Enterprises, Inc. v. Board of Harvey County Comm'rs*, 253 Kan. 552, 555-561, 857 P.2d 666 (1993) (discussing exhaustion doctrine).

Sage contends the doctrine should not apply to this case because his estoppel claim is judicial rather than administrative in nature. In *Zarda v. State*, 250 Kan. 364, 368-69, 826 P.2d 1365, *cert. denied* 504 U.S. 973 (1992), the court held:

"Where there are no issues raised which lend themselves to administrative determination and the only issues present either require judicial determination or are subject to judicial de novo review, it follows that plaintiffs should be permitted to seek court relief without first presenting the case to the administrative agency."

The question is whether Sage's estoppel claim lends itself to administrative determination by the Board of Tax Appeals (BOTA)

or instead requires judicial determination. The doctrine of estoppel is equitable in nature. *Newton v. Hornblower, Inc.*, 224 Kan. 506, 515, 582 P.2d 1136 (1978). Sage's claim, which is based on the conduct of the county treasurer's office, may properly be characterized as a claim for equitable estoppel. See *Tucker v. Hugoton Energy Corp.*, 253 Kan. 373, 382-83, 855 P.2d 929 (1993). The *Tucker* court defined equitable estoppel:

"Equitable estoppel is the effect of the voluntary conduct of a party that precludes that party, both at law and in equity, from asserting rights against another who relies on such conduct. A party seeking to invoke equitable estoppel must show that the acts, representations, admissions, or silence of another party (when it had a duty to speak) induced the first party to believe certain facts existed. There must also be a showing the first party rightfully relied and acted upon such belief and would now be prejudiced if the other party were permitted to deny the existence of such facts." 253 Kan. at 382-83.

Equity is a system of jurisprudence developed in conjunction with the common law. 30A C.J.S., Equity §§ 2-4. Generally, "[i]n the absence of statutory language granting equity powers, a tribunal is not vested with equitable jurisdiction." 30A C.J.S., Equity § 6. The Kansas Constitution provides that "[t]he judicial power of this state shall be vested exclusively in one court of justice." Kan. Const. art. 3, § 1. Although administrative agencies such as BOTA may perform quasi-judicial functions reasonably necessary to the proper performance of their administrative duties when authorized by the legislature, see *Behrmann v. Public Employees Relations Board*, 225 Kan. 435, 443, 591 P.2d 173 (1979), agencies have no general or common-law powers. *Woods v. Midwest Conveyor Co.*, 231 Kan. 763, 770, 648 P.2d 234 (1982).

BOTA is an independent agency within the executive branch of the state government, see K.S.A. 74-2433a, and as a state agency, BOTA's powers are limited to those expressly granted to it by the legislature. See *Pork Motel, Corp. v. Kansas Dept. of Health & Environment*, 234 Kan. 374, 378, 673 P.2d 1126 (1983); *Woods v. Midwest Conveyor Co.*, 231 Kan. at 770.

"Administrative agencies are creatures of statute and their power is dependent upon authorizing statutes, therefore any exercise of authority claimed by the agency must come from within the statutes. There is no general or common law

power that can be exercised by an administrative agency." *Pork Motel, Corp. v. Kansas Dept. of Health & Environment,* 234 Kan. at 378.

The legislature expressly authorized BOTA to hear appeals from the Director of Taxation and the Director of Property Valuation on their rulings and interpretations and on their assessment of property values. K.S.A. 74-2437(a), (b). The legislature intended to channel all tax matters through BOTA, the paramount taxing authority in the state. *Tri-County Public Airport Authority v. Board of Morris County Comm'rs,* 233 Kan. 960, 964, 666 P.2d 698 (1983).

Because BOTA is an administrative agency and not a court, it does not have the power to hear and decide equitable claims. BOTA's authority is limited to tax matters, and while Sage's equitable estoppel claim tangentially involves taxes, taxation is not at the heart of the claim. Sage's claim requires judicial determination and, therefore, Sage should be permitted to seek relief in the district court without first presenting his case to BOTA. See *Zarda v. State,* 250 Kan. at 368-69. Because no administrative remedy was available, exhaustion was not required. See *Colorado Interstate Gas Co. v. Beshears,* 18 Kan. App. 2d 814, 821, 860 P.2d 56 (1993), *rev. denied* 256 Kan. 994 (1994). We conclude that the district court had jurisdiction to consider Sage's estoppel claim.

Examination of Sage's claim, however, reveals that his equitable estoppel argument is devoid of legal merit. Although equitable estoppel may be applied against a county, see *Blevins v. Board of Douglas County Comm'rs,* 251 Kan. 374, 383, 834 P.2d 1344 (1991); *Lines v. City of Topeka,* 223 Kan. 772, 780, 577 P.2d 42 (1978) (applying equitable estoppel against a city), the doctrine does not apply against a county in respect to taxation matters. See *Harvey County Comm'rs v. School District,* 139 Kan. 457, 459, 32 P.2d 812 (1934).

"It is elementary law, as well as settled by numerous decisions of this court, that the doctrines of equitable estoppel and laches do not operate against the state nor the state's governmental agencies (of which the county is the most important) in respect to matters of public finance and taxation." 139 Kan. at 459.

Because Sage's estoppel claim is invalid as a matter of law, it is not necessary to remand the case for the district court's consideration.

## 2. K.S.A. 8-173

K.S.A. 8-173 provides, in relevant part:

"(a) An application for registration of a vehicle . . . shall not be accepted unless the person making the application shall exhibit:
(1) A receipt showing that such person has paid all personal property taxes levied against such person for the preceding year, including taxes upon such vehicle . . .
"(b) An application for registration of a vehicle . . . shall not be accepted if the records of the county treasurer show that the applicant is delinquent and owes personal property taxes levied against the applicant for any preceding year."

In rejecting the challenge to the constitutionality of K.S.A. 8-173, the district court cited *State v. Raulston*, 9 Kan. App. 2d 714, 717, 687 P.2d 37 (1984), where this court held K.S.A. 8-173 does not violate the Equal Protection Clause of the Constitution.

On appeal, Sage contends K.S.A. 8-173 was unconstitutionally applied to him. According to Sage, the County refused to register Sage's motor vehicles even though Sage had paid his personal property taxes.

Sage's claim is premised on the assertion that he paid his personal property taxes. However, whether Sage in fact paid the taxes is disputed. While the district court did not specifically rule on the question, it did note that Sage did not produce any records indicating the taxes had been paid. In any event, Sage has not proven he paid the taxes and, therefore, he cannot successfully claim an unconstitutional application of the statute.

At the district court level, Sage argued that the right to drive constituted a protected liberty interest. The district court rejected this contention. This court has previously held the right to drive is a privilege. See *Schowengerdt v. Kansas Dept. of Revenue*, 14 Kan. App. 2d 147, 784 P.2d 387 (1989). Sage admits the right to drive is a privilege but argues that this privilege could become a protected liberty interest. Sage does not explain his contention or provide any authority to support it. His claim lacks merit.

## 3. K.S.A. 1996 Supp. 79-2101

Sage contends K.S.A. 1996 Supp. 79-2101 violates the Due Process Clause by failing to provide adequate notice of delinquent

taxes. The statute requires notice by mail to the delinquent tax-payer.

Due process requires notice "'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Joe Self Chevrolet, Inc. v. Board of Sedgwick County Comm'rs*, 247 Kan. 625, 631, 802 P.2d 1231 (1990) (quoting *Mullane v. Central Hanover Tr. Co.*, 339 U.S. 306, 314, 94 L. Ed. 865, 70 S. Ct. 652 [1950]). It is generally recognized that a letter provides notice sufficient to satisfy due process. See *Weaver v. Frazee*, 219 Kan. 42, 47, 49, 547 P.2d 1005 (1976). Sage does not offer any substantive argument concerning the inadequacy of notice by mail. The district court correctly rejected his contention.

Sage also argues K.S.A. 1996 Supp. 79-2101 violates the Equal Protection Clause by treating taxpayers with oil and gas leases differently than other taxpayers. The statute provides that if taxes remain unpaid for a period of 30 days following notice by mail, the county treasurer shall issue a tax warrant. In the case of a tax on an oil or gas lease, the sheriff shall collect the taxes as follows:

"The sheriff shall cause notice to be given by registered mail to the purchaser of the oil and gas from such lease of the amount of such delinquent taxes and the name of the person against whom they were assessed and from and after the receipt of such notice such purchaser shall not pay to the person owing the taxes any of the proceeds of the sale of any oil or gas from such lease, but shall pay the proceeds to the sheriff until the full amount of such taxes or costs are paid. . . ." K.S.A. 1996 Supp. 79-2101.

According to Sage, delinquent taxpayers with oil and gas leases receive notice by registered mail. Sage misinterprets the statute. The statute mandates notice by registered mail to individuals purchasing oil or gas *from* a delinquent taxpayer. Under the statute, a delinquent taxpayer who owns an oil or gas lease receives the same normal mail notice as any other taxpayer. Sage's equal protection claim is unfounded.

### 4. K.S.A. 12-105b

K.S.A. 12-105b governs claims against municipalities and mandates that any person with a claim which could give rise to an action

brought under the Kansas Tort Claims Act must file a written notice before commencing such tort action. The statute provides the municipality with 120 days to approve or deny the claim. If the claim is denied, the individual may then initiate a tort action against the municipality. K.S.A. 12-105b(d).

The district court held that Sage's failure to allege compliance with K.S.A. 12-105b rendered his petition defective. See K.S.A. 60-209(c) (requiring a party to plead the performance of conditions precedent); *James v. City of Wichita*, 202 Kan. 222, 447 P.2d 817 (1968).

Sage correctly argues that because his claims were not brought under the Kansas Tort Claims Act, K.S.A. 12-105b is inapplicable. Sage filed his action pursuant to 42 U.S.C. § 1983, and "a plaintiff is not required to comply with K.S.A. 12-105b prior to bringing a § 1983 action." *Reidenbach v. U.S.D. #437*, 878 F. Supp. 178, 181 (D. Kan. 1995).

The lone exception is Sage's claim that the County acted intentionally and caused severe emotional distress. This claim sounds in tort, and Sage's failure to exhaust his administrative remedy pursuant to K.S.A. 12-105b(d) bars this claim.

### 5. Immunity

The district court held that K.S.A. 1996 Supp. 75-6104, the immunity provision of the Kansas Tort Claims Act, shielded the County and its employees from liability. That statute provides:

"A governmental entity or an employee acting within the scope of the employee's employment shall not be liable for damages resulting from:

. . . .

(f) the assessment or collection of taxes or special assessments."

Sage correctly argues that K.S.A. 1996 Supp. 75-6104 does not apply to the instant case because he did not bring his action under the Kansas Tort Claims Act. Federal civil rights claims brought pursuant to 42 U.S.C. § 1983 are not subject to the state law limitations of the Kansas Tort Claims Act, and thus the immunity granted by K.S.A. 1996 Supp. 75-6104(f) is not available to the County and its employees. See *Cory v. Thompson*, 795 F. Supp. 368, 370 (D. Kan. 1992).

The district court also ruled that the federal law doctrine of qualified immunity applied. Sage does not challenge this holding on appeal. Regardless, the district court correctly held qualified immunity shielded the County and its employees from Sage's federal claims. To escape the defense of qualified immunity, Sage had to allege that the County and its employees violated clearly established law. See *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 779 (10th Cir. 1993). Sage challenged the constitutionality of the statutes but did not allege the County or its employees violated them. As a result, qualified immunity protected the County and its employees from liability.

In a related argument, Sage admits he brought suit against the County and its employees in their official capacities, but contends he should be allowed to amend his petition to sue the defendants in their individual capacities. Sage did not raise this argument at the district court level, and he cannot raise it for the first time on appeal. See *State v. McDaniel*, 255 Kan. 756, 765, 877 P.2d 961 (1994).

### 6. Costs and Attorney Fees

The district court concluded that Sage's claims lacked a substantial legal basis and awarded attorney fees and costs pursuant to K.S.A. 60-2007. The assessment of costs and fees lies within the sound discretion of the district court and will not be disturbed absent an abuse of that discretion. See *Horsch v. Terminix Int'l Co.*, 19 Kan. App. 2d 134, 143, 865 P.2d 1044, (1993), *rev. denied* 254 Kan. 1007 (1994).

"Judicial discretion is abused if judicial action is arbitrary, fanciful, or unreasonable, which is another way of stating that discretion is abused only if no reasonable person would take the view adopted by the trial court. If reasonable persons could differ regarding the propriety of the action taken by the trial court, it cannot be said that the trial court abused its discretion." *State v. Warden*, 257 Kan. 94, 116, 891 P.2d 1074 (1995).

Sage has not shown that no reasonable person would agree with the district court. Accordingly, we uphold the district court's award of costs and attorney fees.

Lastly, Sage claims he did not have an opportunity to be heard on the attorney fee issue. The record does not support Sage's assertion. The County requested attorney fees in its motion for summary judgment, and Sage argued against the request in his memorandum in opposition.

When the district court granted the County's motion for summary judgment and assessed costs and attorney fees against Sage, it did not specify an amount. The district court took only one day to rule on the County's subsequent request for a specific amount in costs and fees. Although Sage did not have an opportunity to contest the precise amount of the award, he does not offer any argument against the propriety of the awarded amount, $4,853.17.

Error that does not prejudice the substantial rights of a party is harmless. *Hagedorn v. Stormont-Vail Regional Med. Center*, 238 Kan. 691, 701, 715 P.2d 2 (1986). Here, Sage does not even allege prejudice. Absent some showing of prejudice, the trial court error, if any, was harmless. See *Catholic Housing Services, Inc. v. State Dept. of SRS*, 256 Kan. 470, 476-79, 886 P.2d 835 (1994) (finding no reversible error where appellant correctly argued that trial court had improperly taken judicial notice of another district court case, but appellant failed to show how it was prejudiced by the error); accord *Morgan v. Abay*, 252 Kan. 853, 857-59, 850 P.2d 840 (1993); *State v. Trujillo*, 225 Kan. 320, 325, 590 P.2d 1027 (1979).

Affirmed.