No. 53,767

STATE OF KANSAS, *ex rel.,* CLARK V. OWENS, District Attorney for the Eighteenth Judicial District of the State of Kansas, *Petitioner,* v. THE HONORABLE RAY HODGE, Judge of the Division 2 of the Eighteenth Judicial District of the State of Kansas and WILLIAM C. HAMES, *Respondents.*

(641 P.2d 399)

Opinion filed February 27, 1982.

*Jack Peggs,* assistant district attorney, was on the pleadings and briefs for the petitioner.

*E. Lael Alkire,* of Wichita, and *Richard L. Tegtmeier,* of Tegtmeier, Bennett & Sears, P.C., of Colorado Springs, Colorado, were on the pleadings and briefs for the respondent, William C. Hames.

*Stephen M. Joseph,* of Joseph, Robison & Anderson, of Wichita, was on the pleadings and brief for the respondent, Judge Ray Hodge.

The opinion of the court was delivered by

PRAGER, J.: This is an original proceeding in mandamus brought by Clark V. Owens, District Attorney for the 18th Judicial District, Sedgwick County, against district court judge Ray Hodge. In his petition, petitioner prays for an order directing the respondent, Ray Hodge, to withdraw and strike from the court files an order in a criminal case placing William C. Hames on probation. By reason of his interest in the action, William C. Hames was also named as a respondent in the petition.

The basic question presented in the case is whether a district court in Kansas loses jurisdiction to act upon a motion for reduction of a sentence or for probation under K.S.A. 21-4603(3) (Ensley) at the expiration of the applicable 120-day period, even though a motion for reduction of sentence or for probation was timely filed by the defendant within that time period. Before considering this issue, we should consider the respondents'

challenge to mandamus as an appropriate remedy under the circumstances of this case. We have considered the petition in mandamus and the answers filed in response thereto. We have determined that there is no issue of fact presented in the case and that the public interest justifies the court in considering the case on its merits. On occasions, this court, when confronted with significant issues of statewide concern, has broadened the availability of mandamus in order to expeditiously resolve such issues. *Stephens v. Van Arsdale,* 227 Kan. 676, 608 P.2d 972 (1980); *Kansas City Star Co. v. Fossey,* 230 Kan. 240, 630 P.2d 1176 (1981). In *Stephens,* we held that mandamus may properly be used to expedite the official business of state officials in the discharge of their duties, where the issues are of significant statewide concern of a recurring and ongoing nature, and the essential purpose of the proceeding is to obtain an expeditious, authoritative interpretation of the law. On the basis of *Stephens v. Van Arsdale,* and *Kansas City Star Co. v. Fossey,* we find that mandamus is an appropriate remedy.in this case.

Turning to the issue presented for determination, we must first examine the provisions of K.S.A. 21-4603, which provide in part as follows:

"21-4603. **Authorized dispositions.** (1) Whenever any person has been found guilty of a crime and the court finds that an adequate presentence investigation cannot be conducted by resources available within the judicial district, including mental health centers and mental health clinics, the court may require that a presentence investigation be conducted by the Kansas state reception and diagnostic center or by the state security hospital. If the offender is sent to the Kansas state reception and diagnostic center or the state security hospital for a presentence investigation under this section, the institution or hospital may keep the offender confined for a maximum of 120 days or until the court calls for the return of the offender. While held at the Kansas reception and diagnostic center or the state security hospital the defendant may be treated the same as any person committed to the secretary of corrections or secretary of social and rehabilitation services for purposes of maintaining security and control, discipline, and emergency medical or psychiatric treatment, and general population management except that no such person shall be transferred out of the state or to a federal institution or to any other location unless the transfer is between the Kansas reception and diagnostic center and the state security hospital. The Kansas state reception and diagnostic center or the state security hospital shall compile a complete mental and physical evaluation of such offender and shall make its finding known to the court in the presentence report.

"(2) Whenever any person has been found guilty of a crime, the court may adjudge any of the following:

"(a) Commit the defendant to the custody of the secretary of corrections or, if confinement is for a term less than one year, to jail for the term provided by law;

"(b) impose the fine applicable to the offense;

"(c) release the defendant on probation subject to such conditions as the court may deem appropriate, including orders requiring full or partial restitution;

"(d) suspend the imposition of the sentence subject to such conditions as the court may deem appropriate, including orders requiring full or partial restitution; or

"(e) impose any appropriate combination of (a), (b), (c), and (d).

. . . .

"(3) *Any time within 120 days after a sentence is imposed or within 120 days after probation has been revoked, the court may modify such sentence or revocation of probation* by directing that a less severe penalty be imposed in lieu of that originally adjudged within statutory limits. If an appeal is taken and determined adversely to the defendant, such sentence may be modified within 120 days after the receipt by the clerk of the district court of the mandate from the supreme court or court of appeals. Upon hearing, the court may reduce the minimum term of confinement at any time before the expiration thereof when such reduction is recommended by the secretary of corrections and the court is satisfied that the best interests of the public will not be jeopardized and that the welfare of the inmate will be served by such reduction. The power here conferred upon the court includes the power to reduce the minimum below the statutory limit on the minimum term prescribed for the crime of which the inmate has been convicted. The recommendation of the secretary of corrections, the hearing on the recommendation and the order of reduction shall be made in open court. Notice of the recommendation of reduction of sentence and the time and place of the hearing thereon shall be given by the inmate, or by the inmate's legal counsel, at least 21 days prior to the hearing to the county or district attorney of the county where the inmate was convicted. After receipt of such notice and at least 14 days prior to the hearing, the county or district attorney shall give notice of the recommendation of reduction of sentence and the time and place of the hearing thereon to any victim of the inmate's crime who is alive and whose address is known to the county or district attorney or, if the victim is deceased, to the victim's next of kin if the next of kin's address is known to the county or district attorney. Proof of service of each notice required to be given by this subsection shall be filed with the court." (Emphasis supplied.)

The factual circumstances in this case are essentially as follows: On February 3, 1981, the respondent, William C. Hames, was tried before Judge Ray Hodge, sitting without a jury, and was convicted of sale of cocaine. The case was then continued to March 9, 1981, for hearing on the defendant's motion for a new trial and for sentencing. When the parties appeared before Judge Hodge on March 9th, the court determined that an adequate presentence investigation could not be conducted by resources available in Sedgwick County, and ordered that such investigation be conducted by the Kansas State Reception and Diagnostic Center in Topeka. Judge Hodge ordered the case continued until

completion of the presentence investigation. On April 29, 1981, the court heard and denied Hames's motion for a new trial and sentenced Hames to the custody of the Secretary of Corrections for imprisonment for a term of not less than three years nor more than ten years. The court denied Hames's motion for probation. We thus have the imposition of sentence by the district court entered on April 29, 1981. This started the running of the 120-day period provided for in K.S.A. 21-4603. The 120-day period expired on August 27, 1981.

On July 14, 1981, the defendant filed with Judge Hodge a motion for reconsideration of sentence and for probation. On the same day, a copy of the motion was delivered to Douglas Roth, the assistant district attorney, who was in charge of the case for the prosecution. On July 16, 1981, Judge Hodge conducted a hearing on Hames's motion for reconsideration of sentence and for probation. At this hearing, an issue of law was raised as to whether cocaine should be classified as a narcotic drug under the Kansas statutes. The main subject matter for discussion at the hearing was the contention of Hames that cocaine was misclassified by the legislature as a narcotic drug. After hearing extensive arguments on the motion, Judge Hodge continued the matter for further hearing until September 18, 1981, primarily as a result of the request of the State to submit a brief in response to the brief of defendant Hames. Counsel for Hames expressed concern about the possible expiration of Judge Hodge's jurisdiction to modify the sentence after 120 days. The State did not express concern in the matter. Judge Hodge stated that he would have authority to modify the sentence because the defendant's motion had been filed within 120 days after the sentence was imposed. On September 18, 1981, Judge Hodge reconvened the hearing on Hames's motion for reconsideration and announced that the court had decided to grant the motion for reconsideration and placed defendant Hames on probation as requested in the motion.

On October 8, 1981, Judge Hodge conducted a further hearing after he discovered that the original of defendant's written motion for reconsideration of sentence had not been filed with the clerk of the district court, but instead had been delivered to Judge Hodge on July 14, 1981, along with respondent's memorandum brief in support of the motion. After that hearing, Judge Hodge delivered the original motion to the clerk of the district court on

October 8, 1981. On October 19, 1981, this proceeding in mandamus was commenced in the Supreme Court by the district attorney.

As noted above, the basic issue in the case is whether the district court lost jurisdiction to act on the motion for reconsideration of sentence and for probation at the stroke of midnight on August 27, 1981, when the 120-day period after imposition of sentence expired, even though a motion for reduction of sentence and probation had been timely filed on July 14, 1981. We must first consider the contention of the petitioner that the motion to reconsider sentence was not timely filed, because it was filed with the district judge rather than with the clerk of the district court. We find no merit to this contention. K.S.A. 60-205(e) provides, in substance, that papers may be filed with the clerk of the court except that the judge may permit the papers to be filed with him. Although this statute is in the code of civil procedure, it may be considered applicable in criminal proceedings, there being no provision in the criminal procedures to the contrary. See *City of Overland Park v. Nikias,* 209 Kan. 643, 647, 498 P.2d 56 (1972), where it is stated that the word "file" as used in K.S.A. 22-3609(2) contemplates the deposit of a written motion with the proper official, citing K.S.A. 60-205(e), where filing with the court is defined. We also think it important in this case that a copy of the motion for reconsideration of sentence was served on the district attorney, that several hearings were had on the motion, and that at no time did the State challenge the jurisdiction of the court to hear the matter. We have no hesitancy, whatsoever, in holding that the motion for reconsideration of sentence and probation was sufficiently filed on July 14, 1981, to invoke the jurisdiction of the district court.

We turn now to the issue of the court's jurisdiction in granting probation on September 18, 1981, 142 days after sentence was imposed. Simply stated, it is the position of the district attorney that the jurisdiction of a district court in the area of sentencing is legislatively controlled and that, reading the statute literally, the power of a district court to modify a sentence or to grant probation expires, as a matter of law, 120 days after imposition of sentence, even though a timely motion was filed by defendant to modify the sentence or grant probation during the 120-day period. The position of the district attorney is not without ratio-

nality. A strict construction of K.S.A. 21-4603 would relate the time period for the court to act to the date of sentencing rather than to the defendant's motion for relief. However, we believe that such a literal interpretation of K.S.A. 21-4603 would be contrary to the spirit and philosophy of the Kansas Code of Criminal Procedure and to prior decisions of this court and other courts where a similar question has been raised.

K.S.A. 21-4603(3) is based upon Rule 35(b) of the Federal Rules of Criminal Procedure (Fed. R. Crim. P. § 582 [1980 Supp.]), which grants to federal judges the same power granted Kansas judges. Rule 35(b) provides:

"(b) Reduction of sentence. The court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding a judgment of conviction. The court may also reduce a sentence upon revocation of probation as provided by law. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision." p. 609.

The identical issue now before this court has been considered by a number of federal courts. It is important to note that every United States Court of Appeals to address this issue has held that Rule 35 should not be interpreted literally but should be construed to permit a trial court to have a reasonable time beyond the 120 days in which to consider a timely filed motion for reduction of sentence. Cases so holding are: *United States v. Johnson,* 634 F.2d 94 (3d Cir. 1980); *Gov't of Virgin Islands v. Gereau,* 603 F.2d 438 (3d Cir. 1979); *United States v. Williams,* 573 F.2d 527 (8th Cir. 1978); *United States v. Mendoza,* 565 F.2d 1285 (5th Cir.), *modified* 581 F.2d 89 (1978); *United States v. Janiec,* 505 F.2d 983 (3d Cir. 1974), *cert. denied* 420 U.S. 948 (1975); *United States v. Polizzi,* 500 F.2d 856 (9th Cir. 1974), *cert. denied* 419 U.S. 1120 (1975); *Leyvas v. United States,* 371 F.2d 714 (9th Cir. 1967); *Dodge v. Bennett,* 335 F.2d 657 (1st Cir. 1964).

The best discussion of the issue is contained in *United States v. Stollings,* 516 F.2d 1287 (4th Cir. 1975), where Chief Judge Haynsworth acknowledged that a literal reading of Rule 35 would indicate that the expiration of the 120-day period would deprive the court of jurisdiction to act upon a motion filed within the 120-day period. He concluded, however, that such a literal

construction of the rule should not be given, reasoning as follows:

"We need not give the Rule so literal a reading, however, and we can not assume that such a reading was intended when the consequences would be so devastatingly and arbitrarily fortuitous. For any number of reasons it may be impossible or impractical for a judge to act promptly upon a motion for reduction of sentence filed with the court long before expiration of the 120 day period. The judge may be ill, absent from his district on vacation or for service in some other district, or preoccupied in the trial of a protracted case which should not be interrupted for the conduct of unscheduled hearings in other matters. Frequently in these cases, evidentiary hearings must be held, as in this case, or a medical examination procured. In any such case, witnesses must be summoned or medical reports received, or both.

"In such instances, the time required for the court's consideration and action upon the motion is wholly beyond the control of the convicted defendant. He has no means of predicting with any assurance whether the court's need of time to reconsider and act upon his motion will be for one week, two weeks, four weeks, or two months, and if delay flows from the incapacity, the absence or the preoccupation of the judge, its consequences should not be visited upon the prisoner.

"Rule 35 was initially adopted in an effort to reform the erratic time limitation, applicable under the old common law rule, that a trial court lost jurisdiction to act upon such motions with the rising of the court. Though there was probably no such loss of jurisdiction if the motion was made before the end of the term, the time within which the motion must be filed varied greatly depending upon the order in which the cases were tried. This gave some defendants ample time to prepare and file their motions, while denying it to others. When the reform was adopted, however, it hardly could have been intended to introduce a new set of arbitrary and erratic rules which would deny persons convicted of crime of even the means of predicting when motions under the Rule must be lodged with the court. Here the motion was not filed until the 119th day, but if the Rule is to be given an unenlightened, literal meaning, the defendant would be no better off if he had filed on the 60th day if judicial illness, absence, preoccupation and the time required to assemble witnesses and hold evidentiary hearings, or all combined, required more than 60 days." pp. 1288-89.

The *Stollings* court concluded that a federal trial judge retains jurisdiction to act upon a timely filed motion for reduction of sentence after the expiration of the 120-day period, at least for so long as the judge reasonably needs time to consider and act upon the motion.

We note that Professor Wright has also commented on the literal language used in Federal Rule 35(b) as follows:

"In fact the rule makes no provision for a motion and speaks of the time in which 'the court may reduce a sentence.' Literally read, the time limits then would apply to the order of the court reducing sentence and the court could not act after the

time had gone by even though a prompt motion had been made. Fortunately the courts have avoided so singular a result and have interpreted the time period as related to the filing of a motion for reduction of sentence. 2 Wright, Federal Practice and Procedure: Criminal § 587 (1969), p. 573.

The district attorney in his brief cites cases reaching a contrary result. A line of Florida decisions arising out of a Florida statutory provision have applied a literal construction and barred a modification of a criminal sentence by a trial court after the expiration of the statutory period, even though a timely motion was filed by the defendant. *State v. Adirim,* 376 So. 2d 464 (Fla. Dist. Ct. App. 1979); and *Kinsey v. State,* 179 So. 2d 108 (Fla. Dist. Ct. App. 1965). The State also calls our attention to *United States v. Nunzio,* 430 A.2d 1372 (D.C. 1981), which supports the State's position that a trial court's authority to reduce sentence expires within 120 days after sentence even though a timely motion to reduce sentence was filed under Rule 35. We must recognize several Kansas cases holding that a district court does not have jurisdiction to modify a sentence when the motion to reduce sentence is *filed* after the 120-day period. See *State v. Henning,* 3 Kan. App. 2d 607, 599 P.2d 318 (1979). In *Henning,* the defendant *filed* his motion for modification 296 days after imposition of sentence. The Kansas cases hold that the *filing* of a timely notice of appeal is jurisdictional and that failure to file a timely notice bars appellate review. *State v. Moses,* 227 Kan. 400, 607 P.2d 477 (1980); *State v. Thompson,* 221 Kan. 165, 558 P.2d 1079 (1976).

We have considered all of the cases cited by both the State and the respondents. We believe, however, that we should also consider the philosophy of the Kansas Criminal Code and the Kansas Code of Criminal Procedure in the area of sentencing. In K.S.A. 21-4601, we find the following language:

"21-4601. **Construction.** This article shall be liberally construed to the end that persons convicted of crime shall be dealt with in accordance with their individual characteristics, circumstances, needs, and potentialities as revealed by case studies; that dangerous offenders shall be correctively treated in custody for long terms as needed; and that other offenders shall be dealt with by probation, suspended sentence, or fine whenever such disposition appears practicable and not detrimental to the needs of public safety and the welfare of the offender, or shall be committed for at least a minimum term within the limits provided by law."

The legislature by this language has clearly expressed its inten-

tion that court decisions involving the sentencing of offenders should be made cautiously and only after the sentencing court has obtained as complete a knowledge as possible about the individual offender. In K.S.A. 21-4604 the legislature has provided that a court *shall* request a presentence investigation in every felony case unless the court finds that adequate and current information is available in a previous investigation report or from other sources. The legislature obviously felt that the matter of sentencing in individual cases is a serious matter which the court should not take lightly or determine without a full knowledge of the facts.

In considering this matter, we have also noted the provisions of K.S.A. 22-3501(2), which requires that a motion for a new trial in a criminal case based on grounds other than newly discovered evidence shall be heard and *determined* by a trial court within 45 days from the date it is made. In *State v. Milum,* 213 Kan. 581, 516 P.2d 984 (1973), the verdict in a criminal case was returned on June 25, 1971. The defendant's motion for a new trial was filed on July 1, 1971, within the ten-day period. Argument was heard on September 15, 1971, and the motion was overruled and sentence imposed on July 7, 1972, more than 45 days after the motion for a new trial was made. It was argued that K.S.A. 22-3501(2) had been violated and, hence, the district court lacked jurisdiction to determine the motion. This court rejected that contention summarily, stating that the delay in acting on the motion did not deprive the court of *jurisdiction* to impose sentence. In so doing, the court liberally construed the statute and not in accordance with the literal statutory language.

K.S.A. 22-2902 (Ensley) provides that the preliminary examination in a felony case shall be held before a magistrate within 10 days after the arrest or personal appearance of the defendant, but that continuances may be granted for good cause shown. In *State v. Fink,* 217 Kan. 671, 673, 538 P.2d 1390 (1975), it was held that K.S.A. 22-2902 should be construed as directory only and did not require the dismissal of a criminal charge and the discharge of the defendant if the preliminary hearing was not provided within 10 days. The court refused to hold that the statutory provision deprived the court of jurisdiction in the criminal case.

There is another compelling reason why a district court should be allowed a reasonable time to dispose of a motion for reduction

of sentence or for probation which is timely filed within the 120-day period. It is a general principle of law recognized throughout the United States that once a court has acquired jurisdiction of a case, that jurisdiction continues until the court has determined all the issues involved and has granted such complete relief as is within its jurisdictional power to grant. This rule is, of course, subject to appellate review. 20 Am. Jur. 2d, Courts § 148; *In re Peoples*, 296 N.C. 109, 146, 250 S.E.2d 890 (1978). In *Walker v. McNutt*, 165 Kan. 533, 196 P.2d 163 (1948), this court stated that when a court of competent jurisdiction acquires jurisdiction of the subject matter of a case its authority continues, subject only to appellate review. The same principle is recognized in *Farha v. Signal Companies, Inc.,* 216 Kan. 471, 532 P.2d 1330 (1975).

After consideration of these various sections of the Kansas Criminal Code and the Kansas Code of Civil Procedure and the cases mentioned above, we have concluded that we should construe K.S.A. 21-4603(3) so as to permit a district court to retain jurisdiction and dispose of a timely motion for reduction of sentence after the 120-day period, where the circumstances in the case require a reasonable time after the 120 days for the court to determine the issue. It cannot be denied that, in many criminal cases, sentences are imposed and the court orders the defendant to be examined by the Kansas Reception and Diagnostic Center. On occasions, it may take over 90 days to obtain an adequate presentence report. If the sentencing judge is otherwise tied up in litigation, or is ill, or is on vacation, he may find it impossible to dispose of a motion for reduction of sentence within the 120-day period with proper deliberation and consideration. A literal interpretation of K.S.A. 21-4603(3) might also work a hardship on the attorneys in presenting their respective positions. A good example is the case now before us. Here the defendant filed a timely motion for reconsideration of sentence and probation on July 14, 1981. The court set the matter for hearing on July 16, 1981. The legal issue presented was serious and obviously caused the district judge much concern. The district attorney, in order to present properly his position, requested time to prepare a written brief in response to the brief submitted by counsel for the defense. The interests of justice certainly required that the State be given adequate time to present its authorities in an effective

way. We see no reason why a district court should be required to determine an issue involving sentencing without having adequate time to consider carefully the issues involved and to deal with the defendant in accordance with defendant's individual characteristics, circumstances, needs, and potentialities as revealed by an appropriate case study as required by K.S.A. 21-4601.

We, thus, hold that, under the provisions of K.S.A. 21-4603(3), a district court does not lose jurisdiction to act upon a motion for reduction of sentence or for probation at the expiration of the 120-day period after sentence was imposed, where a timely motion has been filed by defendant within that time period and where the district judge reasonably needs the time to consider and act upon the motion.

Petition for a writ of mandamus is denied.