22 Kan. App.2d 712 (1996)
920 P.2d 477
VINOD PATEL, M.D., Appellant,
v.
KANSAS STATE BOARD OF HEALING ARTS, Appellee.
No. 73,869.
Court of Appeals of Kansas.
Opinion filed August 2, 1996.
Jeffery W. Jones, of Sloan, Listrom, Eisenbarth, Sloan & Glassman, L.L.C., of Topeka, for appellants.
Mark W. Stafford, of Topeka, for appellee.
Before KNUDSON, P.J., LEWIS, J., and JACK L. BURR, District Judge, assigned.
BURR, J.:
Dr. Vinod Patel appeals from the district court's refusal to enjoin the Kansas Board of Healing Arts (Board) from revoking *713 his license to practice medicine. Because the Board had previously cancelled his license, Patel contends that it could not later revoke his license through a disciplinary action.
On February 14, 1992, the Board filed a petition to revoke, suspend, or limit Dr. Patel's license to practice medicine in Kansas. On July 10, 1992, the Board filed an amended petition which contained 19 counts of alleged sexual misconduct. The same day, Dr. Patel tendered a letter to the Board voluntarily surrendering his license.
On July 20, 1992, Dr. Patel filed a motion to dismiss the disciplinary action on the grounds that the Board lacked jurisdiction to proceed because he had surrendered his license. On August 24, 1992, the Board denied the motion to dismiss. The Board also rejected Dr. Patel's argument that the case was moot. Subsequently, Dr. Patel filed a motion for reconsideration which was also denied.
Kansas law provides that medical licenses must be renewed annually. K.S.A. 1995 Supp. 65-2809. On June 30, 1993, the Board notified Dr. Patel that he had until July 31, 1993, to renew his license. Dr. Patel did not renew; consequently, on August 9, 1993, the Board cancelled his license.
On February 14, 1994, Dr. Patel filed a motion to dismiss the disciplinary action. Dr. Patel argued that the Board had divested itself of jurisdiction by canceling his license. The presiding officer concluded that Dr. Patel had committed a unilateral act by allowing his license to expire and be canceled and that Dr. Patel's unilateral action could not destroy the Board's jurisdiction.
Subsequently, Dr. Patel sought injunctive relief against the Board by filing a petition for judicial review in district court. Dr. Patel also filed a motion for a temporary injunction to prohibit the Board from proceeding with the disciplinary action.
The district court denied Dr. Patel's motion for temporary injunctive relief. Because jurisdiction was proper at the time the disciplinary proceeding was commenced, the court found that the subsequent cancellation of Dr. Patel's license did not affect the Board's jurisdiction. The district court reached the same conclusion in denying Dr. Patel's petition for judicial review. The Board *714 continued the disciplinary action and revoked Dr. Patel's license. Dr. Patel filed a timely notice of appeal.
Dr. Patel argues that the Board lost jurisdiction when it canceled his license. The Board's jurisdiction is provided by the Kansas Healing Arts Act, K.S.A. 65-2801 et seq. (KHAA), specifically K.S.A. 65-2838(a), which states:
"The board shall have jurisdiction of proceedings to take disciplinary action authorized by K.S.A. 65-2836 and amendments thereto against any licensee practicing under this act. Any such action shall be taken in accordance with the provisions of the Kansas administrative procedure act."
The KHAA defines "licensee" as a person licensed under the act. K.S.A. 65-2802(d).
Whether the Board had jurisdiction to revoke Dr. Patel's license is a question of law involving interpretation of the KHAA, and this court's scope of review is unlimited. See University of Kansas v. Department of Human Resources, 20 Kan. App.2d 354, 355-56, 887 P.2d 1147 (1995).
The Board only has jurisdiction to take disciplinary action against a licensee. K.S.A. 65-2838(a). "An agency has no authority or jurisdiction beyond that conferred by authorizing statutes." Kansas for Fair Taxation, Inc. v. Miller, 20 Kan. App.2d 470, 479, 889 P.2d 154 (1995). Dr. Patel contends that the Board lost jurisdiction when the Board canceled his license and he, therefore, ceased to be a licensee.
Dr. Patel's argument assumes that jurisdiction is measured at every stage of a proceeding. However, the general rule is that jurisdiction is acquired at the beginning of a case.
"In general, a court's acquisition of jurisdiction over a case depends on the facts existing at the time its jurisdiction is invoked. Accordingly, in a civil suit, acquisition of jurisdiction depends on the facts existing at the time of the commencement of the suit as they appear from the complaint or other original pleading of the plaintiff. When, in view of the facts existing at the beginning of the proceedings, the court has acquired jurisdiction over a case, that jurisdiction is ordinarily not ousted by subsequent events." 20 Am. Jur.2d, Courts § 102, p. 406.
*715 Kansas also follows the rule of continuing jurisdiction. In State ex rel. Owens v. Hodge, 230 Kan. 804, 813, 641 P.2d 399 (1982), our Supreme Court stated: "It is a general principle of law recognized throughout the United States that once a court has acquired jurisdiction of a case, that jurisdiction continues until the court has determined all the issues involved and has granted such complete relief as is within its jurisdictional power to grant." Similarly, in considering federal diversity jurisdiction, the United States Supreme Court stated: "We have consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events." Freeport-McMoRan Inc. v. K N Energy, Inc., 498 U.S. 426, 428, 112 L. Ed.2d 951, 111 S. Ct. 858 (1991). See Chapman v. Currie Motors, Inc., 65 F.3d 78, 81 (7th Cir. 1995).
It is undisputed that the Board had jurisdiction over Dr. Patel when it initiated the disciplinary proceedings in February 1992. At that time, Dr. Patel held a valid license to practice medicine in Kansas and, therefore, jurisdiction existed pursuant to K.S.A. 65-2838(a). Under the rule of continuing jurisdiction, the Board maintained jurisdiction regardless of whether Dr. Patel remained a licensee.
While Kansas courts have not directly addressed the issue, this court did deal with a similar issue in Schowengerdt v. Kansas Dept. of Revenue, 14 Kan. App.2d 147, 784 P.2d 387 (1989). Schowengerdt was driving with an expired license when he was arrested for speeding. Schowengerdt subsequently failed an Intoxilyzer breath test, and his license was suspended. On appeal, Schowengerdt argued that the Department of Revenue could not suspend his license because it was expired, and he, thus, had no license to suspend. Rejecting Schowengerdt's contention, this court held that if a license or privilege to drive exists, the Department of Revenue may suspend it. The court distinguished between the license to drive and the privilege to drive and held that "[i]t is the privilege to drive that is suspended. The license itself merely represents that privilege." 14 Kan. App.2d at 149.
Applying the Schowengerdt rationale, one could conclude that Dr. Patel's license merely represents his privilege to practice medicine *716 in Kansas and that the Board may revoke the privilege regardless of whether the license exists. The Schowengerdt court construed the driver's licensing law liberally in order to effectuate the purpose of protecting the public. 14 Kan. App.2d at 149. Similarly, the KHAA is entitled to a broad and liberal construction. In State v. Mountjoy, 257 Kan. 163, 177, 891 P.2d 376 (1995), our Supreme Court commented on the KHAA:
"Among all the objects sought to be secured by government, none is more important than the preservation of the public health. [Citation omitted.] It is fundamental that where a statute is designed to protect the public, the language of that statute must be construed in the light of the legislative intent and purpose and is entitled to a broad interpretation so that its public purpose may be fully carried out."
Following the Schowengerdt rationale, we conclude that the legislature intended to give the Board jurisdiction to revoke, suspend, or limit an individual's privilege to practice medicine, regardless of whether the license representing that privilege is valid.
Dr. Patel also contends that the district court should not have allowed the Board to proceed since any action taken by the Board would be moot. Because his license was canceled and did not exist, Dr. Patel reasons that any action by the board to revoke his license would have no effect.
Our Supreme Court discussed the concept of mootness in Allenbrand v. Contractor, 253 Kan. 315, Syl. ¶ 1, 855 P.2d 926 (1993): "Courts are statutorily and constitutionally without authority to render advisory opinions in cases found to be moot. A case is moot when no further controversy exists between the parties and where any judgment of the court would be without effect."
In this case, we find that controversy between these parties continued to exist because the action of the Board affected Dr. Patel's privilege to practice medicine in Kansas. The action of the Board was, therefore, not moot.
Affirmed.