The Honorable Kent Glasscock State Representative, 62nd District State Capitol, Room 183-W Topeka, Kansas 66612
Dear Representative Glasscock:
You request our opinion concerning the authority of the Kansas State Board of Accountancy (Board) to discipline certified public accountants who practice in this state but are licensed in other states, the licensing requirements of which are deemed to be substantially equivalent with Kansas's licensure qualifications. Specifically, you inquire whether certain model language found in the Uniform Accountancy Act (Act), if adopted by the Kansas Legislature, will authorize the Board to discipline such accountants.
Section 23 of the Uniform Accountancy Act provides, in part, as follows:
 "(a)(1) An individual whose principal place of business is not in this state having a valid certificate or license as a certified public accountant from any state which the National Association of State Boards of Accountancy (NASBA) . . . has verified to be in substantial compliance with the CPA licensure requirements of the . . . Uniform Accountancy Act shall be presumed to have qualifications substantially equivalent to this state's requirements and shall have all the privileges of certificate holders and licensees of this state without the need to obtain a certificate or permit. . . . However, such individuals shall notify the Board of their intent to enter the state under this provision.
 "(2) An individual whose principal place of business is not in this state having a valid certificate or license as a certified public accountant from any state which the National Association of State Boards of Accountancy . . . has not verified to be in substantial compliance with the CPA licensure requirements of the . . . Uniform Accountancy Act shall be presumed to have qualifications substantially equivalent to this state's requirements and shall have all the privileges of certificate holders and licensees of this state without the need to obtain a certificate or permit if such individual obtains from NASBA verification that such individual's CPA qualifications are substantially equivalent to the CPA licensure requirements of the Uniform Accountancy Act. However, such individuals shall notify the Board of their intent to enter the state under this provision.
 "(3) Any licensee of another state exercising the privilege afforded under this section hereby consents, as a condition of the grant of this privilege:
 "(a) to the personal and subject matter jurisdiction of the Board,
"(b) to comply with this Act and the Board's rules,
 "(c) to the appointment of the State Board which issued their license as their agent upon whom process may be served in any action or proceeding by this Board against the licensee.
 "Section 3 of the Uniform Accountancy Act defines `licensee' as the `holder of a license as defined in Section 3(e).' Section 3(e) defines `license' as a certificate . . . or a permit." (Emphasis added.)
The Comment to the Uniform Accountancy Act states that "Subsection 23 (a)(3) is intended to allow state boards to discipline licensees [which includes both certificate and permit holders] from other states that practice in their state." Assuming that the Kansas Legislature enacts Section 23, it is clear from the language stated above that certificate and permit holders from other states who practice in Kansas will be subject to this state's accountancy laws and regulations as administered by the Kansas State Board of Accountancy regardless whether the Board issues a certificate or permit that represents that privilege.
The larger question is whether the State in the exercise of its police power has the authority to regulate and discipline licensees from other states who practice certified public accountancy in Kansas. A state possesses an inherent power to regulate certain professions for the good of society. State ex rel. Schneider v. Liggett, 223 Kan. 610 (1978). The police power extends not only to the protection of the public health, safety and morals, but also to the preservation and promotion of the public welfare. State ex rel. Stephan v. Lane, 228 Kan. 379 (1980). If a statute falls within the exercise of the police power of the state, those subject to that statute must submit to its provisions, whatever the effect may be upon their business. Burlingame v. Thompson, 74 Kan. 393, 394
(1906), cited in State ex rel Stephan, supra. The standard by which the validity of all exercises of police power is tested is that the police power of the state extends only to such measures as are reasonable and that all police regulation must be reasonable under all circumstances.State v. Neighbors, 21 Kan. App. 2d 824, 829 (1995).
Public accountancy embraces many intricate and technical matters dealing with tax laws, unfair trade practices, rate regulations, stock exchange regulations, reports required by governmental agencies and financial statements. Texas State Board of Public Accountancy v.Fulcher, 515 S.W.2d 950, 955 (Texas, 1974). Consequently, it is no surprise that the regulation of the practice of public accountancy has been upheld in many jurisdictions as a proper exercise of a state's police power. Junco v. State Board of Accountancy, 390 So.2d 329, 331
(Florida, 1980); Duggins v. North Carolina State Board of CertifiedPublic Accountant Examiners, 240 S.E.2d 406, 410 (N. Carolina, 1978); 70 A.L.R.2d 433. Individuals from out of state who desire to practice in Kansas and are given the privilege to do so should not be exempt from the statutes and regulations that Kansas certificate and permit holders are required to follow simply because the Board does not issue a paper certificate or permit.
Section 23 grants a privilege to practice and such a privilege could be suspended or revoked by the Board in the same manner that a nonresident motorist's driving privilege may be suspended or revoked if the motorist violates Kansas traffic laws. In lieu of issuing separate drivers' licenses to nonresidents, Kansas statutes provide that such persons are granted a privilege to operate a vehicle in Kansas. K.S.A. 8-236(a)(1), 8-1441 and 8-1430. This privilege may be suspended or revoked in the same manner as a license issued to a Kansas driver. K.S.A. 8-251. However, the actual suspension or revocation of the nonresident's driver'slicense is made by the state that issued the license. K.S.A. 8-251(b); Attorney General Opinion No. 85-9.
In Patel v. Kansas State Board of Healing Arts, 22 Kan. App. 2d 712
(1996), Dr. Patel contended that the Kansas Board of Healing Arts could not revoke his license to practice medicine when the Board had previously canceled it for failure of Dr. Patel to renew. The Kansas appellate court, citing the case of Schowengerdt v. Kansas Department of Revenue,14 Kan. App. 2d 147 (1989), concluded that Dr. Patel's license represented his privilege to practice medicine and that the board could revoke the privilege regardless of whether the license existed. Applying this rationale, it is our opinion that the Kansas Legislature may enact appropriate legislation that grants a privilege to practice public accountancy in Kansas to an individual with a certificate or permit issued by another state, and that authorizes the Kansas State Board of Accountancy to regulate and take disciplinary action, including revoking or suspending the privilege to practice public accountancy in this state, against such individual regardless whether the Board issues a certificate or permit.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm