**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 3 2003**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

DEREK D. ANDERSON,

        Petitioner - Appellant,

v.

ATTORNEY GENERAL OF THE
STATE OF KANSAS; DAVID R.
McKUNE, Warden, Lansing
Correctional Facility,

        Respondents - Appellees.

No. 02-3122

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. No. 00-CV-3222-DES)

---

Howard A. Pincus, Assistant Federal Public Defender (Michael G. Katz, Federal
Public Defender, with him on the briefs), Denver, Colorado, for Petitioner-
Appellant.

John K. Bork, Assistant Attorney General (Kristafer R. Ailslieger, Assistant
Attorney General, on the brief), Topeka, Kansas, for Respondents-Appellees.

---

Before **HENRY**, **HOLLOWAY**, and **MURPHY**, Circuit Judges.

---

**MURPHY**, Circuit Judge.

## I.  INTRODUCTION

Appellant Derek D. Anderson was convicted of aggravated sexual battery. Anderson sought federal habeas corpus relief under 28 U.S.C. § 2254 in the United States District Court for the District of Kansas, arguing that his counsel was ineffective for failing to adequately prepare, failing to investigate mitigating evidence, and failing to raise an insanity defense.  The district court dismissed Anderson's habeas petition, concluding that federal court review of his ineffective assistance of counsel claim was barred due to his prior procedural default in Kansas state court.  Anderson appeals, asserting that Kansas' procedural rule is inadequate to bar federal habeas review and that he was not allowed to develop facts needed to support his ineffective assistance of counsel claim in Kansas state court.

In a previous order, this court granted Anderson's request for a certificate of appealability.  Exercising jurisdiction pursuant to 28 U.S.C. §§ 1291, 2253, this court **reverses** the dismissal of Anderson's § 2254 petition.  Anderson's ineffective assistance of counsel claim is not procedurally barred because there was no "firmly established and regularly followed" rule under Kansas law that making an oral statement to the trial court alleging ineffective assistance of counsel after expiration of the ten-day statutory period for filing a motion for new

trial was sufficiently raising the issue before the trial court, requiring the claim to be presented on direct appeal or else be waived.

## II.    BACKGROUND

Anderson was convicted by a jury of aggravated sexual battery for an incident which occurred while he was a patient at the Rainbow Mental Health Center. Thereafter, Anderson's trial counsel filed a timely motion for new trial with the Kansas state court, alleging error in the jury instructions, arguing that an improper statement was made by the prosecution during closing argument, and challenging the sufficiency of the evidence.

After hearing counsel's arguments on the motion, the trial court denied Anderson's motion for new trial and deferred sentencing until after a presentence investigation was completed. After the trial court announced its ruling on the motion for new trial, Anderson himself then made the following statement:

> Your Honor, I wasn't allowed to testify on my own behalf in court. There were certain witnesses I could have used. A doctor could have been subpoenaed to testify for me. I was sedated on medication. I was having psychological problems at the particular time. I don't feel like I've had a due right to show that I was suffering from a psychological problem at the time. My record speaks for that. I did not intentionally commit the crime. I was hallucinating. The doctors had me on a drug that is for psychotic people. I was there for that treatment. I don't feel like my case has been presented properly to the best of my ability. I believe there's been a lot of things that weren't brought out on my behalf.

The trial court responded by commenting that the statement "calls for trial strategy" and "[y]ou never know which is the best or proper one." Afterward, Anderson declared, "I want to state for the record that I don't think I had an adequate defense at the time." The court answered, "All right. You've heard my ruling and that will be the order." The trial court later sentenced Anderson to an indeterminate term of nine to thirty years.

With new counsel, Anderson appealed the conviction to the Kansas Court of Appeals. In this direct appeal, Anderson challenged the sufficiency of the evidence, the remark made during closing argument, and his sentence. He did not, however, raise a claim of ineffective assistance of counsel. The state appeals court affirmed his conviction and the Kansas Supreme Court denied review.

Approximately seven years later, Anderson, proceeding *pro se*, sought post-conviction relief under Kan. Stat. Ann. § 60-1507 in the Wyandotte County, Kansas district court. In the state petition, Anderson alleged, *inter alia*, that his trial counsel was ineffective for failing to investigate and present mitigating evidence, failing to adequately prepare, and failing to raise a defense of insanity. Anderson's motion for post-conviction relief was denied. The Kansas Court of Appeals affirmed the denial, noting that Anderson had "clearly raised [the ineffective assistance of counsel] issue before the trial court" and, thus, under

Kansas law, the issue was "deemed waived by [Anderson's] failure to raise it in his direct appeal." The Kansas Supreme Court denied review.

Anderson then filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the District of Kansas. In his petition, Anderson raised only the ineffective assistance of counsel claim. The district court dismissed Anderson's petition, concluding that federal review of his claim was barred by the procedural default in the Kansas state courts. Specifically, the district court determined that the Kansas state court's decision was "based on an independent state ground adequate to support the decision." Furthermore, the court noted that Anderson could not demonstrate the cause and prejudice required to excuse the procedural default.

This court granted Anderson's request for a certificate of appealability and appointed appellate counsel.

## III.  DISCUSSION

Anderson claims that the district court incorrectly applied a procedural bar when it denied his § 2254 petition. This court reviews *de novo* whether claims are procedurally barred. *See Ballinger v. Kerby*, 3 F.3d 1371, 1374 (10th Cir. 1993). In addition, state procedural rules that bar ineffective assistance of counsel claims are further reviewed "with a healthy degree of skepticism." *Smallwood v. Gibson*, 191 F.3d 1257, 1268 (10th Cir. 1999).

Absent cause or prejudice or a showing of a fundamental miscarriage of justice, this court is barred from reviewing the claims of a federal habeas petitioner which have been procedurally defaulted in state court under an "adequate and independent state procedural rule." *Walker v. Attorney General*, 167 F.3d 1339, 1344 (10th Cir. 1999). A procedural rule is independent if it is based upon state law, rather than federal law. *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998). To be adequate, "a state's procedural rule used to bar consideration of a claim must have been firmly established and regularly followed by the time as of which it is to be applied." *Walker*, 167 F.3d at 1344 (quotation omitted). This court looks to the "time of the purported procedural default" to determine whether the rule was firmly established and regularly followed. *Id.* (quotation omitted).

Under Kansas law, claims of ineffective assistance of counsel which were not raised and considered by the trial court can be pursued through either a motion to the appeals court to remand to the trial court for further fact finding or a collateral proceeding under Kan. Stat. Ann. § 60-1507. *State v. Van Cleave*, 716 P.2d 580, 583 (Kan. 1986). Issues which were presented to and considered by the trial court, however, must be presented on direct appeal; if not directly appealed, the issues are deemed waived. *See State v. Neer*, 795 P.2d 362, 365-66 (Kan. 1990). The Kansas Court of Appeals relied on *Neer* to conclude that

Anderson's claim of ineffective assistance of counsel was procedurally defaulted, reasoning that Anderson's oral assertion of ineffective assistance of counsel at the motion for new trial hearing sufficiently raised the issue before the trial court. Anderson's subsequent failure to raise the claim on direct appeal precluded the issue from being considered in his state habeas petition.

Because these grounds for default rest upon Kansas state law and procedure, rather than federal law, the alleged procedural rule is sufficiently independent. Thus, this court must determine whether the Kansas rule that oral statements alleging ineffective assistance of counsel made after expiration of the ten-day statutory limit for filing a motion for a new trial properly presented the issue to the trial court was a "firmly established and regularly followed" rule under Kansas law.

Under Kansas law, "[a] motion for a new trial . . . *shall* be made within 10 days after the verdict or finding of guilty or within such further time as the court may fix during the 10-day period." Kan. Stat. Ann. § 22-3501 (emphasis added). At the time of Anderson's motion hearing, Kansas required claims to be raised within the ten-day limitation in order to be considered in a motion for new trial. *State v. Myrick*, 616 P.2d 1066, 1079 (Kan. 1980); *see also State v. Bradley*, 787 P.2d 706, 708 (Kan. 1990) (declaring motion for new trial filed after expiration of statutory period to be time-barred and converting into a § 60-1507 motion).

In *Myrick*, the trial court denied the defendant's motion for new trial. 616 P.2d at 1074. One year later, the defendant filed another motion for new trial based upon, *inter alia*, allegations of newly discovered evidence and ineffective assistance of counsel. *Id.* The Kansas Supreme Court stated, "The only issue properly before this court is the matter of newly discovered evidence; the remaining issues are untimely and cannot be raised by a motion for a new trial due to the ten day limitation." *Id.* at 1079. Thus, under *Myrick*, ineffective assistance of counsel claims asserted after the ten days have expired are not properly before the trial court and the court cannot consider them.

Here, Anderson raised his ineffective assistance of counsel claim well after the ten-day period expired. In addition, the court had already ruled on the new trial motion before Anderson made the statements alleging ineffective assistance of counsel. As a result, Anderson's oral ineffective assistance of counsel claim was untimely under *Myrick*. Because Anderson's untimely claim was not properly before the trial court, it could not have been raised on direct appeal. The claim could only be presented in a state collateral proceeding or a remand motion pursuant to *Van Cleave*, 716 P.2d at 583. Consequently, at the time of Anderson's hearing, Kansas did not have a firmly established and regularly followed rule pursuant to which an ineffective assistance of counsel claim presented to the trial court in an untimely manner is procedurally defaulted if not

raised on direct appeal. Because the Kansas Court of Appeals pronounced a new rule by concluding that Anderson's oral statements properly raised the issue before the trial court, which differed from the prior law set forth in *Myrick*, there was no firmly established and regularly followed rule which would permit a procedural default. Hence, there is no procedural bar to consideration of Anderson's ineffective assistance claim raised in his § 2254 petition.

The State argues that despite Anderson's untimely motion, the trial court retained jurisdiction to resolve his ineffective assistance of counsel claim because the claim related back to the original motion filed within the ten-day period. Relying primarily on *State ex rel. Owens v. Hodge*, 641 P.2d 399, 405-06 (Kan. 1982), and *State v. Milum*, 516 P.2d 984, 986-87 (Kan. 1973), the State contends Kansas has recognized that, once a timely motion for new trial is filed, a trial court has jurisdiction over the subject matter of a case until a final ruling has been made and the appellate courts assume jurisdiction. In *Owens*, the Kansas Supreme Court decided that a Kansas state court did not lose its jurisdiction to act upon a motion for reduction in sentence at the expiration of the applicable statutory period. *Id.* at 400, 405. *Owens* is, however, distinguishable because there were no additional claims made or new grounds stated after expiration of the statutory period. Moreover, *Owens* merely addressed the trial court's authority to resolve the merits of a timely motion, as opposed to whether a

defendant sufficiently raised a claim before the trial court after the statutory time-limit had expired. *See also State v. Milum*, 516 P.2d 984, 986-87 (Kan. 1973) (addressing the timeliness of a *court's* action beyond the statutory period after a timely motion for new trial was made). Because Anderson's oral assertion of ineffective assistance of counsel was made after the ten-day limit for filing a motion for new trial, the cases cited by the State do not apply under these circumstances. Therefore, Kansas did not have a firmly established and regularly followed rule in which ineffective assistance of counsel claims raised before the trial court after the expiration of the statutory period for new trial motions were required to be raised on direct appeal.

## IV. CONCLUSION

Based upon the foregoing reasons, the district court's dismissal of Anderson's §2254 habeas petition is **REVERSED**. This case is **REMANDED** for further proceedings consistent with this opinion.

**Anderson v. Attorney General KS, et al., No. 02-3122**

**Henry, J.**, concurring.

I fully agree with the  majority that the procedural bar applied by the district court did not constitute a firmly established and regularly followed rule under Kansas law.  As a result, Mr. Anderson's petition should not have been dismissed.

I write separately to note an additional concern:  At the time Mr. Anderson complained about his trial counsel, he was still represented by that counsel.  In those circumstances, it is not clear that a defendant is required to raise on direct appeal his pro se ineffective assistance of counsel claims.      See State v. Bowen, 915 P.2d 120, 125 (Kan. 1996) (stating that an issue was not before the appellate court because " the defendant had counsel in this case and counsel did not raise the issue").